**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————————

No. 01-10212

———————————

JOHN B PAYNE, DO,

Plaintiff-Appellant,

versus

HARRIS METHODIST HEB, a non-profit corporation; ET AL,

Defendants

HARRIS METHODIST HEB, a non-profit corporation; MARK CWIKLA, MD; YVES J MEYER, MD; DON JOHNSTON, MD

Defendants-Appellees.

———————————

Appeal from the United States District Court
For the Northern District of Texas
4:99-CV-273-R

———————————

June 7, 2002

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM[*]:

John Payne, a neurosurgeon, appeals the district court's summary judgment against him.

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Payne sued Harris Methodist, a hospital that terminated his medical privileges. He also named three individual doctors (Cwikla, Meyer, and Johnston) who participated in the peer review process as defendants. The district court granted summary judgment to the defendants, concluding that they qualified for the statutory immunity, under the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. § 11101 - 1152, of a peer review body and those who assist it from suits based on peer review activities. A peer review body's decision qualifies for HCQIA immunity if four criteria are satisfied. The decision must be made:

(1) in the reasonable belief that the action was in the furtherance of quality health care,

(2) after a reasonable effort to obtain the facts of the matter,

(3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and

(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3).

42 U.S.C. § 11112(a). The HCQIA creates a presumption that these four criteria have been satisfied. The plaintiff, in this case Payne, bears the burden of rebutting the presumption by a preponderance of the evidence.[1]

Having fully considered the arguments of counsel as advanced in briefs and at oral argument, and having carefully reviewed the record on appeal, we agree with the district court that Payne has

---

[1]Payne also challenges a precautionary, summary suspension of his privileges that was imposed against him prior to his ultimate, permanent suspension. The HCQIA provides that a hospital may impose a precautionary suspension whenever allowing the doctor to practice "may result in an imminent danger to the health of any individual." 42 U.S.C. § 11112(c)(2). Given the serious allegations of incompetence made against Payne, we agree with the district court that the hospital was permitted to suspend him temporarily while sorting out the truth of the allegations.

not rebutted the presumption that the four statutory criteria are satisfied.  Accordingly, we AFFIRM

the district court's summary judgment in favor of the defendants.